### 7671

#### ALLEN PFEIFFER CHEMICAL CO. v. OWINGS.

TENDER—CONTRACTS.—A general and unqualified admission of tender must be held to be an admission of the tender of the amount stated at the proper time. Here the record being silent as to the date of execution of the contract, of its maturity and of the tender, it is held, under the provision of the contract, the plaintiff is only entitled to judgment for balance after deducting amount provided in the contract should be credited on the account, if goods proved unsatisfactory.

Before MEMMINGER, J., Richland, December, 1909. Reversed.

Action by Allen Pfeiffer Chemical Company against O. Y. Owings, in court of Magistrate Jas. H. Fowles. From Circuit judgment reversing judgment of magistrate, defendant appeals.

*Messrs. DePass & DePass,* for appellant, cite: *Construction of contract:* 34 S. C., 160.

*Mr. A. M. Lumpkin,* contra.

September 26, 1910.    The opinion of the Court was delivered by

MR JUSTICE WOODS.    The defendant made a written contract with the plaintiff for the purchase of medicines, the price agreed upon being sixty-eight dollars and seventy-five cents.    On the contract the plaintiff's agent endorsed and signed this condition, "If goods are not satisfactory we agree to credit $36 at the end of six months, and exchange other goods for goods of our manufacture."    The plaintiff sued in a magistrate's court for the entire purchase money. On trial the defendant testified that the goods were not satisfactory in that he had been able to sell only $2.50 worth of them; that he had tendered $32.75, the sum due after deducting the credit of $36 to be allowed by the contract; and the defendant offered to allow judgment against himself for $32.75.    The magistrate sustained the defense and gave judgment in favor of the plaintiff for only the sum admitted by defendant to be due, but upon appeal the Circuit Court held, "that the defendant, having failed to make the exchange of goods within six months as shown by notation above mentioned or avail himself of the option thereby given him within the six months, has become liable for the full amount sued for at the regular price."

The record does not indicate the date of the execution or of the maturity of the contract, or the date of the tender or of the commencement of the action.    It does, however, contain an admission by plaintiff of tender; and a general and unqualified admission of tender must be held to be an admission of the tender of the amount stated at the proper time. The words expressing the condition of the contract, "If goods are not satisfactory we agree to credit $36 at the end

of six months and exchange other goods for goods of our manufacture," are to be interpreted in view of the nature of the goods and the situation of the parties. The drugs were of a kind not before dealt in by the defendant, and the purpose of the condition was doubtless to allow the defendant to try their salability and value before paying full price for them; but to provide for a fair trial of the goods, it was agreed that the defendant could claim the credit only after the expiration of six months. When, therefore, at the expiration of six months, the defendant found the goods unsatisfactory because unsalable, he had a right to be discharged on payment of the purchase price $68.75, less the credit of $36 stipulated in the contract.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and the judgment of the magistrate's court be affirmed.